Thank you, your honor. May it please the court, counsel. This case involves the sentence for someone who was convicted of being a felon in possession of a firearm. And the question before this court is whether, in its de novo review of the district court opinion, whether or not the government has proven its case that Jeffrey Kinder's conviction for burglary under the state of Montana's definition of burglary satisfies the requirement for sentence enhancement purposes of burglary of a dwelling, which is required in the guidelines. Now Montana's burglary statute is a very broad statute. Therefore, clearly it does not meet the requirements for a categorical match of the guidelines. I gather both parties stipulate to that, right? Yes, sir. And I think that the broadness of this statute is relevant in the purpose of the second issue, is whether or not the modified categorical approach would apply. And in this circumstances, the statute defines an occupied structure, a burglary of an occupied structure, which includes a building, vehicle, or any place suitable for human occupancy or night lodging of persons or for carrying on businesses, including outbuildings that are immediately adjacent to or in proximity to an occupied structure, that as long as it's habitually used for personal use or employment. Does your argument depend on whether or not we consider the affidavit as part of the judicially noticeable documents? No, Your Honor, I don't think it does, because the affidavit simply describes, makes reference to cabins. The information describes a cabin. The sentence refers to the case as involving cabins in the plural. So Mr. Kinder pled guilty to only one, the burglary of one cabin. There are a description in the affidavit of different items that were taken from some of the cabins, including the cabin that Mr. Kinder was pled guilty to burglarizing. This cabin had a distinct address, didn't it? It did have a number to it, yes. It didn't say whether or not that the building that he actually occupied had an address or whether it was an outbuilding. It simply said that it was located at this number. So our contention, Your Honor, is that this could well have been an outbuilding. It could well have been a business. It could have been a storage facility. I mean, Montana has a homesteader tradition. There are lots of cabins that are abandoned and used by farmers and ranchers for a whole host of things. But didn't the information which the district court recited say, the above-named defendant knowingly entered and remained unlawfully in an occupied structure, a cabin located at 5407 U.S. Highway 89 near Monarch, Montana, with the purpose to commit the offense of theft therein? Yes. It says occupied structure. That's what he pled to. Yes. But, Your Honor, an occupied structure is far different from a dwelling. An occupied structure under a Montana law can be a building, a vehicle, anything adjacent to a building or a vehicle as long as it's in close proximity. It doesn't have to be a dwelling. There are even bakeries in Montana referred to as like a log cabin bakery. So what would the district court have needed, 35 photographs of people sitting down at the dinner table or something? I mean, under your view, your view seems to be pretty restrictive. What in the world would prove that it was an occupied dwelling? What would they have had to have done in your view? In my view, there would have been some admission by Mr. Kinder that the building that he occupied, that he pled guilty to burglarizing, was actually a dwelling that was used for the purposes of overnight stay. And, I mean, there were a whole bunch of cabins involved in this overall case. Some of them involved arguably dwellings. Others didn't. Well, the district judge in this case lives in Montana. I certainly don't know Montana as well as my dear friend Judge Thomas does, but I had the privilege of being able to sit over the years in billings. And I know there's a lot of cabins in Montana that people live in. What role does common sense play? The Seventh Circuit, in their decision, spoke of common sense. Supreme Court, as you said, you can use common sense. I think common sense plays a role in this. I think the Seventh Circuit case was an old case that has been subsumed in large measure by the recent decisions of the U.S. Supreme Court. Even the Supreme Court has said you can use common sense. I'm not arguing with you, I'm just asking. I understand. I guess the question is, where does common sense get into fact-finding? I mean, the cases clearly say that the district court judge can't engage in fact-finding. Well, that's all true, but if you allow in the affidavit, then the district court is allowed to look at the material that was stolen too, correct? Yes, sir. And why isn't the reasonable inference from the materials that were stolen that this actually was an occupied structure? Because any of those items that were stolen could be in a storage facility, could be in a business, could be in a whole host of things. I made that point to the district court judge, and he indicated, well, I think we can assume that they weren't. But I don't think that the law of this circuit allows that kind of assumption to be made. That kind of assumption is basically fact-finding. What case law do you cite for what you just stated, Mr. Sands? What case law does not allow the district judge to use common sense in this setting? Well, I don't want to make an argument against common sense, Your Honor. I'm delighted to hear that. But I guess the point that I would make is that there is a difference between common sense and fact-finding. Did Mr. Kendra's counsel object at the time of the sentencing to the use of the affidavit or the common sense approach, in quotes? At the time of the sentencing? At the time of the sentencing, he objected. Yes, he did. Okay. I mean, he didn't say, I object to you using common sense. But he said that he made the point. I was his... Oh, you were his trial counsel? Yeah, the same person. Okay, right. We don't need to talk in the third person anymore, Mr. Sands. And I made the point that, you know, it could be a storage facility. You didn't object to the affidavit, though, did you? No, I didn't. And would that suggest that we have plain error review here with respect to the use of the affidavit? If the court concludes that the affidavit establishes that he committed a crime of involving a dwelling, then I would say so. Whether it does or it doesn't, I'm just asking you whether, for purposes of our review, doesn't the fact that you didn't object to the use of the affidavit, indeed I think there was in the colloquy a couple of times the judge asked whether that was okay, and I gather it was you who said, yeah, that's okay, or at least didn't object to it. So for purposes of our analysis, we should assume that at least with respect to the affidavit, we apply plain error review. Is that accurate? I don't think so, really, Your Honor, for this reason. In Montana, sometimes the affidavits are incorporated with the information, sometimes they're a separate document. And these courts have uniformly held that an information is the appropriate thing to consider. Now, if there's a whole bunch of facts recited in an affidavit, like there were in this one, some relating to Mr. Kinder and some not, it seems to me the only time that you can consider the facts in the affidavit are if they are reflected in the sentence or admitted by Mr. Kinder at sentencing. And that didn't happen in this case. You have about 12 seconds left. Do you want to save a little bit of time for rebuttal? I will. All right. Thank you. Mr. Johnson. Good morning, Your Honors. May it please the Court, my name is Leek Johnson for the United States. When Judge Smith, you're talking about common sense in the review of this affidavit, or actually the information in this case, I think what we're really getting at is shouldn't the district court have a little deference in settling that question? And I think he should. Perhaps, although in this whole area we look at judicially noticeable documents, it's really hard for me to see how the affidavit under our case law can come in. Your Honor, I want to address that, and I want to step back first to state our position for the record, which is a lot like Strickland, which is I think you can affirm on the basis of the non-controversial information and the sentencing record. And having said that, let me just turn to the affidavit quickly. The affidavit in this case was presented to the district court by Mr. Sands on behalf of his client. Right. I think we're down to plain error review, and there's no doubt about the fact that there was no objection to the affidavit at sentencing. So that adds another level of protection for you, if you will. But I think it's very hard to say that the affidavit comes in even under plain error review. You know, Your Honor, the affidavit was certainly the defendant here or the appellant here invited the district court to use the affidavit for a specific purpose. And that specific purpose was to distinguish between whether or not this occupied structure was or was not a dwelling. That's a very restricted purpose, and he was in essence saying, you can use that because that's what I pled guilty to. That is an admission on his part, a judicial admission in this proceeding. Now, it was by his counsel, not by Mr. Kinder. But Mr. Kinder was certainly there, and his counsel was representing his interest. So where in the transcript are you when you think of this? Pages 43 and 45 are the pages of the S.E.R. where the district court basically asked him if he could rely on it in the modified categorical approach, which is for this limited purpose. And I think it's a very important question to ask because in the Shepard case, the Supreme Court was considering police reports, right? And the Supreme Court in that inquiry said, you know, we're really dealing with conclusive versus inconclusive documents. But the affidavit really falls in the same category. It's an affidavit of somebody purportedly with knowledge in which you're going to file an affidavit. I mean, it's not even somebody with recipient knowledge and not subject to cross-examination or admission by the defendant. I agree, Your Honor. At the time this document was created, it falls into that general category of inconclusive documents. But that changed in this proceeding. In other words, it became- But, Your Honor, I'd like to interrupt, but just to interrupt for a second. I mean, I'm looking at the transcript, and he just says, may I use it? And the defense counsel says, yes, I agree. He doesn't say, I'm tendering to you because I want to argue from it as I read it. He did argue from it, but he didn't. He just says, I agree, you can use it. He did argue from it. And if you follow the thread of what the district court was resolving there, it was, I've got to do this modified controversial approach here because I don't know if this occupied structure was a dwelling or not. Therefore, can I use this? Can I look at this? I'll be just back to plain error review, as Judge Smith suggested. Well, and certainly on plain error, there was no error for the district court to rely on. Because I don't think any case or decision has foreclosed the possibility of using an admission like this. Under modified categorical approach, as you know, our circuit has struggled mightily with this thing that the Supreme Court has created in any number of settings. And as Judge Thomas has indicated, we've got this colloquy here, and it's very clear to me looking at, I don't know what the SER is on my particular copy, but it's very clear that the district court asked Mr. Sands whether it was okay to consider the affidavit in connection with applying the modified categorical approach. And he said specifically, and the question is, in the modified categorical approach, shouldn't the court also consider the affidavit motion in order for leave to file the information direct? Mr. Sands, yes, I agree. Court, you agree. Mr. Sands, I do. Then he goes on later on, and it's basically reiterated. Now, Mr. Sands is Mr. Kinder's counsel. Even if we cannot consider the affidavit for general purposes like we would, you know, we've just got three documents there, and this is one of them. Let's say we exclude that. Can we consider the affidavit for other purposes, in this case, specifically whether the dwelling cabin context? Can we consider it for a limited purpose? Yes, for a limited purpose. In other words, just as an evidentiary matter, is it something that the district court can take into account in sentencing? I think so, Your Honor. And I would ask the court to look at the limited use that Judge Siebel made of this document. This document had a whole wide-ranging set of allegations from a whole bunch of burglaries, much of which was more incriminating than that related specifically to Count 1. And Judge Siebel was very careful and judicious in using this to explain only as to Count 1, this was a cabin and it contained some items that are typically found in a dwelling. And I just want to just be sure we're on the same page here. U.S. v. Bonat, or however you want to say it, makes it clear that you can actually confirm the sentencing of Mr. Kinder based upon the indictment and the judgment of conviction alone without any consideration of the affidavit. Is that the government's position as well? Yes. So, again, I'm just trying to narrow the focus on when the district court is sentencing somebody, the district court can take a number of things into account that have absolutely nothing to do with whether it qualifies for the modified categorical approach. And I'm trying to understand whether the government's position is that we should consider the affidavit, if at all, in that context alone. I would refer to Chief Judge Kaczynski's concurrence in the Strickland case. Yeah, but he was outvoted in that case. I understand. So, you know, you lose 10 to 1. I know. You can't really say. But it was really clear that that question was left open. And I think you're right, Judge Smith, that it becomes something different than an organic document created at the original conviction. It becomes an evidentiary admission or a judicial admission in the present proceeding. And you have to put yourself in Judge Siebel's shoes here. I mean, he said, can I use this for this purpose? And, you know, Mr. Kinder, through his attorney, said, yeah, you can. And he used it for a very limited purpose. And so on that basis, you know, it certainly wasn't plain error, Your Honor. And our position, just so it's clear, is the information and the sentencing record are clear on the question of this was a cabin. And common sense should apply to that. And you can affirm on that basis. Yeah, so basically we have to say, if we exclude the affidavit, we have to say, look, it's a cabin. It has an address. Is that what we're left with? That's what we're left with. And whether the district court should be given some deference in applying its own common sense to the definition of that structure and whether it's a dwelling. Would it be your position that if we didn't decide it that way, it would be non-commonsensical? Yes. I think that's accurate. I mean, I think that if it had been a storage shed or a boat or something else, it would have stated so in the information. I mean, it didn't say, you know, a beach house or a storage shed or a business. And I think that's what it would have stated. And then just the last issue that I need to raise here, because it was raised in the reply brief, this whole issue of whether we have a Navarro-Lopez problem, missing element. We don't. That's not an issue. It was waived anyway. And I don't think the court should consider that. I think that the court should really consider the difficult question that was raised here, which is can a defendant make admissions to a district court in the present proceeding that had to do with what he admitted to in the past? Should the court consider that? It doesn't necessarily. He didn't make any admissions, though. He didn't make any fresh admissions, I think. This is different from Strickland in the sense that you don't have a document saying, I did this. You have a defense attorney and a defendant who are cooperating with the probation office and saying, here's all the information we have on the past conviction. And then it comes into play. Can I consider it? Yes. So that's a lot different from a defendant standing up in court and saying, yeah, I did it. It is, Your Honor. I mean, if he stood up and said, it's a cabin, and there are people there, that would have been a lot different. Well, it's different in the sense that he didn't say, I admit to everything in it. He said, you can use it for the limited purposes of determining if this is a dwelling. And that's a very focused question. And I think that he's basically saying, yeah, I did admit to breaking in a cabin and taking an arrow and a stereo and a bronze sculpture. I mean, I think that was the restricted nature of the admission in this proceeding because it was a very restricted thing. Well, you have the information, which call it inhabited, and then you have it admitted that it was a cabin. So you have an inhabited cabin. Yes. You don't have an inhabited car or an inhabited storage shed or an inhabited whatever. I agree. And the information would have stated that if it had been something else. Let me ask one more question that's a little bit off topic. You know, in this case, I know you weren't the prosecuting attorney on the case, but both Judges Osby and Siebel were somewhat critical of the government's charging decision coming two years late and the fact that he was successfully completing a state sentence and essentially charging on the same crime in which he'd been charged with in Washington. Has the government considered entering into an agreement for a motion reduction sentence? You know, I haven't spoken to the prosecutor about what would occur there if, for instance, this were remanded. But I don't know the answer to that question. All right. Fair enough. Any further questions? No. Okay. Thank you. Thank you. Mr. Sand, you've got just a few seconds left. I would just like to respond to what Judge Ezra said. The information says that he was unlawfully entered into an occupied structure. Okay. I used the word inhabited. So it's an occupied cabin. Yes, sir. Well, it's an occupied structure, and an occupied structure can include a business, a boat, a diving platform. Wasn't there some admission somewhere that I remember reading that called it a cabin? Yes. It does refer to it as a cabin. Okay. So we have an occupied cabin. Yes. We have an occupied structure. Are we back to common sense again? I think so. Thank you, Mr. Sand. Thank you, Mr. Johnson. The case has heard will be submitted for decision. Thank you both for your arguments this morning.
judges: Ezra, Thomas, Smith M.